Receipt number AUSFCC-9124256

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD GRECH ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **23-1934 T** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Edward Grech ("Grech" or "taxpayer") brings this action against defendant, the United States of America as follows:

## NATURE OF THE DISPUTE

1. This action arises under the internal revenue laws of the United States for the refund of tax paid to the Internal Revenue Service with respect to the tax years ending December 31, 2016 and December 31, 2017. The payment was made via offset credited to the December 31, 2016 and December 31, 2017 tax year from the tax year ending December 31, 2015.

## THE PARTIES

2. Grech is an individual who is a United States citizen and resident of California.

3. Defendant is the United States of America.

# JURISDICTION

4. Jurisdiction exists under 28 U.S.C. §§ 1346(a), 1491, 2401 and 2501 and 26 U.S.C. 7422.

5. The 2016 and 2017 tax returns were filed and claimed deductions for depreciation of aircraft, interest paid with respect to the aircraft and miscellaneous itemized deductions.

6. The taxpayer was entitled to the claimed deductions.

7. The Internal Revenue Service issued a notice of deficiency in March of 2020 denying the deductions.

8. The taxpayer attempted to dispute the disallowances and was given verbal extensions of time to do so during the COVID shutdown.

9. The IRS assessed the tax.

10. The IRS collected the tax by offset.

11. The taxpayer filed IRS Forms 1045 – *Application for Tentative Refund* with respect to the 2016 and 2017 tax years in 2021 on which the Internal Revenue Service has not made any determination.

12. The taxpayer filed IRS Form 843 – *Claim for Refund and Request for Abatement* with respect to the 2016 and 2017 tax years in February of 2023 on which the Internal Revenue Service has not made any determination.

13. The taxpayer filed Forms 1040X – *Amended U.S. Individual Income Tax Return* with respect to the 2016 and 2017 tax years in February of 2023 on which the Internal Revenue Service has not made any determination.

## RULE 9(m) STATEMENT

14. A copy of the claims for refund are attached and redacted.

15. The tax years at issue are 2016 and 2017.

16. The payments to be refunded was made by offset by the Internal Revenue Service.

17. The taxpayer is Edward Grech and his address is 6915 Arlington Avenue, Riverside, California, 92504.

18. The taxpayer filed his original Forms 1040 for 2016 and 2017 electronically. The amended returns were filed with the Ogden, UT service center on February 24, 2023.

## FACTS GIVING RISE TO THE COMPLAINT WITH RESPECT TO 2016 TAX YEAR

19. Grech originally filed an IRS Form 1040 for 2016 as married filing separate on October 14, 2017.

20. On or about March 4, 2020 the IRS adjusted Grech's tax liability which he contends are incorrect.

21. On or about February 26, 2021 the IRS offset a refund from the 2015 tax year in satisfaction of its adjustments to Grech's return.

22. The IRS proposed the following adjustments to Grech's 2016 tax return:

    a. Disallowance of the claimed depreciation relating to an aircraft; and

    b. Disallowance of a portion of the claimed deduction for interest paid on the taxpayer's aircraft.

23. In addition to the disallowance of the aircraft depreciation deduction and the unreimbursed business expense deduction, the adjustments triggered a change in the itemized deduction limitation which improperly disallowed a portion of the itemized deductions claimed on the return.

24. Grech also contests the penalties assessed under 26 U.S.C. § 6662.

## AIRCRAFT DEPRECIATION

25. Grech contested the disallowance of the deduction for depreciation.

26. In 2016, Grech owned and operated the following aircrafts for use in his business: are:

    a. Diamond aircraft was placed into service on April 29, 2016; and

    b. Phenom aircraft was placed into service on July 1, 2016.

27. Grech is in the business of manufacturing private busses and tour coaches that are sold to limousine companies and tour companies throughout the United States.

28. Manufacture of the vehicles is done at a manufacturing facility in Mexico.

29. In 2016, Grech maintained two aircrafts for which he properly reported a deduction for depreciation totaling $3,036,906. The total depreciation total was based upon bonus depreciation of $2,530,755 relating to the aircraft and regular depreciation of $506,151. The IRS disallowed $915,398 of depreciation.

30. The taxpayer used the Diamond aircraft 98.14% for business usage, which is demonstrated by the flight logs which show the business use, flight meter and purpose of the flights.

31. The taxpayer used the Phenom aircraft 98.14% for business usage, which is demonstrated by the flight logs which show the business use, flight meter and purpose of the flights.

## AIRCRAFT INTEREST DEDUCTION

32. The taxpayer deducted the interest he paid on both aircrafts as a business expense on Schedule C which was included with his IRS Form 1040.

33. The IRS disallowed $20,307 of the interest deduction for the Diamond aircraft.

## MISCELLANEOUS ITEMIZED DEDUCTIONS

34. The adjustments to aircraft depreciation and unreimbursed business expenses resulted in the taxpayer have a larger adjusted gross income.

35. As a result of the increased adjusted gross income, the IRS recalculated the limitation on miscellaneous itemized deductions and disallowed $34,105 of miscellaneous itemized deductions.

36. Because the disallowance of the aircraft depreciation and unreimbursed business expenses was in error, the recalculation of the miscellaneous itemized deduction limitation was also in error.

## PENALTIES

37. The IRS determined that the taxpayer was liable for a penalty pursuant to 26 U.S.C. § 6662, to which the taxpayer contests in full.

38. Any alleged deficiencies in tax are incorrect and no penalty should have been assessed.

39. The taxpayer complied with all portions of the internal revenue code.

40. The taxpayer retained competent tax professionals to prepare his return.

41. The taxpayer provided his tax professionals with all information necessary to prepare his return.

42. The taxpayer relied on his tax professionals to prepare his return in the correct manner.

43. The taxpayer contends that the IRS has not complied with the requirements of 26 U.S.C. § 6751, by failing to timely obtain supervisor approval of the assessed penalty.

## SUMMARY OF DISAGREEMENT FOR 2016

44. The summary of the taxpayer's disagreement with the IRS's disallowances is as follows:

|  | Amount Reported | Amount Disallowed or Assessed | Tax |
|---|---|---|---|
| Depreciation of Aircraft | $915,308 | $915,308 |  |
| Aircraft Interest | $79,351 | $20,307 |  |
| Miscellaneous Itemized Deductions | $34,105 | $34,105 |  |
| Total Tax to be refunded |  | $384,009 |  |
| Penalty to be refunded |  | $92,555 |  |
| Total to be refunded |  | $476,564 |  |

## FACTS GIVING RISE TO THE COMPLAINT WITH RESPECT TO 2017 TAX YEAR

45. Grech originally filed an IRS Form 1040 for 2017 as married filing separate.

46. On or about March 3, 2020 the IRS proposed adjustments to Grech's tax liability to which he contends are incorrect.

47. On or about April 4, 2021 the IRS offset a refund from another tax year to satisfy its adjustments to Grech's return.

48. The IRS proposed the following adjustments to Grech's 2017 tax return, to which he contests:

    a. Disallowance of the claimed depreciation relating to an aircraft;

    b. Disallowance of a portion of the claimed interest deduction for interest paid on the taxpayer's aircraft.

49. In addition to the disallowance of the aircraft depreciation deduction, unreimbursed business expenses, and interest deduction, the adjustments triggered a change in the itemized deduction limitation which improperly disallowed a portion of the itemized deductions claimed on the return.

50. Grech also contests the assertion of penalties assessed under 26 U.S.C. § 6662.

## 2017 AIRCRAFT DEPRECIATION

51. The taxpayer owned and operated the Diamond and Phenom aircraft during 2017.

52. Grech manufactured private busses and tour coaches that are sold to limousine companies and tour companies throughout the United States.

53. Manufacture of the vehicles is done at a manufacturing facility in Mexico.

54. The taxpayer reported a deduction for depreciation of the two aircraft of $809,842.

55. The taxpayer used the Diamond aircraft 92% for business usage, which is demonstrated by the flight logs which show the business use, flight meter and purpose of the flights.

56. The taxpayer used the Phenom aircraft 87% for business usage, which is demonstrated by the flight logs which show the business use, flight meter and purpose of the flights.

## AIRCRAFT INTEREST DEDUCTION

57. The taxpayer deducted the interest he paid on both aircraft as a business expense on Schedule C which was included with his IRS Form 1040.

58. The IRS disallowed $68,715 of the interest deduction for the aircraft.

## MISCELLANEOUS ITEMIZED DEDUCTIONS

59. The adjustments to the aircraft depreciation and unreimbursed business expenses resulted in the increase of the taxpayers adjusted gross income.

60. As a result of this increased adjusted gross income, the IRS recalculated the limitation on miscellaneous itemized deductions and disallowed $22,890 of miscellaneous itemized deductions.

61. Because the disallowance of the aircrafts depreciation and unreimbursed business expenses was in error, the recalculation of the miscellaneous itemized deduction limitation was also in error.

## PENALTIES

62. The IRS determined that the taxpayer was liable for a penalty pursuant to 26 U.S.C. § 6662, to which the taxpayer contests in full.

63. Any alleged deficiencies in tax are incorrect and no penalty should have been assessed.

64. The taxpayer complied with all portions of the internal revenue code.

65. The taxpayer retained competent tax professionals to prepare his return.

66. The taxpayer provided his tax professionals with all the necessary information to prepare his return.

67. The taxpayer relied on his tax professionals to prepare his return in the correct manner.

68. The taxpayer contends that the IRS has not complied with the requirements of 26 U.S.C. § 6751, by failing to timely obtain supervisor approval of the assessed penalty.

## SUMMARY OF DISAGREEMENT FOR 2017

69. The summary of the taxpayer's disagreement with the IRS's disallowances is as follows:

|  | Amount Reported | Amount Disallowed or Assessed | Tax |
|---|---|---|---|
| Depreciation of Aircraft | $809,842 | $486,574 |  |
| Aircraft Interest | $144,224 | $68,715 |  |
| Miscellaneous Itemized Deductions | $22,830 | $22,890 |  |
| Penalty to be refunded |  | $62,950 |  |
| Total Tax to be refunded |  |  | $228,959 |
| Total to be refunded |  | $291,909 |  |

## STATEMENT OF GRECH'S CLAIM FOR RELIEF AND GROUNDS ENTITLING HIM TO RELIEF FOR 2016

70. Grech hereby repeats and realleges paragraphs 1 through 69 of this complaint.

71. The taxpayer properly reported his income and deductions on his 2016 tax return.

72. The IRS's disallowance of certain deductions was in error.

73. As a result of the disallowance, the IRS offset the 2016 deficiency on February 26, 2021.

## STATEMENT OF GRECH'S CLAIM FOR RELIEF AND GROUNDS ENTITLED HIM TO RELIEF FOR 2017

74. Grech hereby repeats and realleges paragraphs 1 through 73 of this complaint.

75. The taxpayer properly reported his income and deductions on his 2017 tax return.

76. The IRS's disallowance of certain deductions was in error.

77. As a result of the disallowance, the IRS offset the 2016 deficiency on April 4, 2021.

**WHEREFORE**, plaintiff prays for judgment against the United States in the sum of $476,564 regarding the 2016 tax year and $291,909 regarding the 2017 tax year, with additional interest thereon as provided by law, and such other further relief, including fees and costs, as may be just and proper.

Dated: November 1, 2023

Respectfully submitted,
/s Frank Agostino
Frank Agostino, Esq.
Agostino & Associates, PC
14 Washington Place
Hackensack, NJ 07834
P (201) 488-5400
F (201) 488-5855
Email: fagostino@agostinolaw.com